IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA


IN RE: SOUTHERN OAKS OF OKLAHOMA, LLC,               12-BK-10356 -NLJ
                                                                                      Chapter 11

      Debtor-in-Possession


---

**SECOND AMENDED
PLAN OF REORGANIZATION FOR
SOUTHERN OAKS OF OKLAHOMA, LLC
PROPOSED BY THE DEBTOR IN POSSESSION**

---


Ruston C. Welch, OBA# 13796
**Welch Law Firm, P.C.**
4101 Perimeter Center Drive, Suite 360
Oklahoma City, Oklahoma 73112-2309
Telephone: (405) 236-5222
Facsimile:  (405) 231-5222
RWelch@WelchLawPC.com

ATTORNEY FOR THE DEBTOR IN POSSESSION


Dated: May 15, 2013

# TABLE OF CONTENTS

INTRODUCTION .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRIORITY CLAIMS UNDER CODE §§ 507(a)(2), (3) and (8) . . . . . . . . . . . . . . . . . . . . . . . . 5

CLASSIFICATION OF CLAIMS AND INTEREST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CLASSES OF CLAIMS AND INTERESTS IMPAIRED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TREATMENT OF CLASSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    General Treatment Provisions .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    Specific Treatment Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

MEANS FOR PERFORMING THE PLAN AND
MANAGEMENT OF THE REORGANIZED DEBTOR .. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONTEMPLATED COMPENSATION FOR SERVICES,
COSTS AND EXPENSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

EXECUTORY CONTRACTS AND UNEXPIRED LEASES .. . . . . . . . . . . . . . . . . . . . . . . . 22

RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

MODIFICATION OF THE PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

DISCHARGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

MISCELLANEOUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE: SOUTHERN OAKS OF OKLAHOMA, LLC,                12-BK-10356 -NLJ
                                                                                    Chapter 11
        Debtor-in-Possession

### SECOND AMENDED PLAN OF REORGANIZATION FOR SOUTHERN OAKS OF OKLAHOMA, LLC PROPOSED BY THE DEBTOR IN POSSESSION

### INTRODUCTION

Southern Oaks of Oklahoma, LLC (the "Debtor") filed its voluntary petition for relief under Chapter 11 of the Code on January 31, 2012. Since then, the Debtor has been a debtor in possession. This plan (the "Plan") is proposed by the Debtor in Possession and was prepared by its legal counsel with input from parties in interest.

If the Plan is not confirmed under Code § 1129(a):

the Case could be dismissed;

any Party in Interest could submit another plan;

the Proponent could request the Court to confirm this Plan under Code § 1129(b) as to any dissenting Class, which the Proponent intends to request as to any dissenting Class; or

the Case could be converted to a case under Chapter 7 of the Code, which would ultimately result in the Estate's assets being sold and the sales proceeds being distributed according to law.

### DEFINITIONS

Terms defined in the Code have the same meanings in this Plan, unless indicated otherwise herein.  Defined terms, whether defined in the Plan or in the Code, are capitalized in the Plan.

Administrative Expense Claims: Shall mean all expenses of administration

1

(including Professional Fees) that are entitled to priority under Section 507(a)(2) of the Code, as allowed and ordered by the Court.

Allowed Claim: Shall mean: (a) the amount of a Claim that has been allowed by a Final Order; or (b) the amount of a Claim timely filed with the Clerk of the Court or that is listed in the Schedules as undisputed, non-contingent and liquidated as to which Claim (i) no objection to allowance thereof has been interposed within any period of limitation fixed by the Code, the Federal Rules of Bankruptcy Procedure, this Plan or orders of the Court, or (ii) an objection has been interposed, which objection has been determined by a Final Order; or (c) the amount of an administrative expense (i) as to which no objection has been interposed within any period of limitation fixed by the Code, the Federal Rules of Bankruptcy Procedure or orders of the Court, or (ii) as to which Claim an objection has been interposed, which objection has been determined by Final Order, or (iii) with respect to Professional Fee Claims, other than Claims under Section 506(b) of the Code, the amount of such fees and expenses allowed by a Final Order. Allowed Claim shall not include any Claim that has previously been satisfied through payment or otherwise.

Bar Date: Shall mean June 15, 2012 at 5:00 p.m. prevailing Central Time, which was the date established by the Court as the last date for Creditors to file proofs of claim in the Case. The Bar Date for government proofs of claim is July 31, 2012.

Case: Shall mean the Chapter 11 bankruptcy case filed in the Court by Southern Oaks of Oklahoma, LLC, on January 31, 2012.

Claim : Shall have the same meaning it does under Section 101(5) of the Code and shall include any and all liabilities arising from events or circumstances occurring before and on the Confirmation Date.

Claimant: Shall mean the holder of a Claim.

2

Code:  Shall mean 11 U.S.C. § 101 *et seq.*, as amended and effective.

Collateral:  Shall mean Property of the Estate and property of the Debtor that secures an allowed Secured Claim, and shall include property that vests in the Reorganized Debtor on the Plan's Effective Date that remains subject to a lien retained under the Plan.

Confirmation Date:  Shall mean the date the order confirming the Plan is entered by the Court.

Confirmation Order: Shall mean the order entered by the Court confirming the Plan.

Court:  Shall mean the United States Bankruptcy Court for the Western District of Oklahoma.

Creditor: Shall mean any person who has a Claim against the Debtor, as defined in Section 101 (10) of the Code.

Cure Payment:  Shall mean the payment of cash and/or the distribution of other property (as the parties may agree or the Court may order), as necessary to cure defaults under an executory contract or unexpired lease of the Debtor and compensate the non-Debtor party to such executory contract or unexpired lease for any actual pecuniary loss to such party resulting from  such defaults so that the Debtor in Possession may assume the contract or lease under Code §365(a).

Debtor:  Shall mean Southern Oaks of Oklahoma, LLC.

Debtor in Possession:  Shall mean Southern Oaks of Oklahoma, LLC, from, and after, the time on January 31, 2012, that the Debtor filed its petition for bankruptcy relief.

Disputed Claim:  Shall mean a Claim:

> not evidenced by a proof of claim filed on or before the Bar Date;

> evidenced by a proof of claim that is the object of an unresolved objection, motion for estimation, or motion for valuation;

3

not listed in the Schedules;

listed in the Schedules as disputed, contingent, or unliquidated; or

listed in the Schedules without any indication that it is disputed, contingent, or unliquidated, but the Claim is nonetheless the object of an unresolved objection, motion for estimation, or motion for valuation.

Effective Date:  Shall mean the fifteenth (15th) day after the Confirmation Date (but if such date is not a business day then the next business day following the fifteenth day), provided that no order staying consummation of the Plan or staying the Confirmation Order has been entered prior thereto. If an order staying consummation of the Plan or staying the Confirmation Order has been entered, then the Effective Date shall mean the first business day following the lifting of such stay.

Estate:  Shall mean the Estate created by Code § 541.

Final Order: Shall mean an order of the Court which shall not have been reversed, stayed, modified, or amended, the time to appeal from, or to seek review or rehearing of, such order shall have expired, and no appeal is pending, as a result of which such order has become final in accordance with Federal Rule of Bankruptcy Procedure 8002.

Interest Holders:  Shall mean the holders of the equity securities in the Debtor.

Plan:  Shall mean this Plan of Reorganization in its present form and as it may be modified or amended.

Post-Petition:  Shall mean after the time on January 31, 2012, that the Debtor filed its petition for bankruptcy relief.

Pre-Petition:  Shall mean before the time on January 31, 2012, that the Debtor filed its petition for bankruptcy relief.

Priority Claim:  Shall mean all Claims that are entitled to priority under Code § 507.

4

Professional Fee Claim:  Shall mean a Claim under Code §§ 327, 328, 330, 331, 503, or 1103 for compensation for professional services rendered or expenses incurred on behalf of the Estate by one of the Debtor in Possession's professionals.

Property of the Estate:  Shall mean property of the Estate created by Code § 541.

Proponent:  Shall mean Southern Oaks of Oklahoma, LLC.

Reorganized Debtor:  Shall mean Southern Oaks of Oklahoma, LLC, from and after the Effective Date.

Rules:  Shall mean the Federal Rules of  Bankruptcy Procedure approved under 28 U.S.C. § 2075.

Schedules:  Shall mean the schedules of assets and liabilities filed in the Case and all modifications and amendments thereto.

Secured Claim:  Shall have the meaning it does under the Code, but only a Claim secured by a valid, unavoidable lien or setoff right against Property of the Estate shall be a Secured Claim.

Unsecured Claim:  Shall mean all Claims except Priority Claims and Secured Claims.

## PRIORITY CLAIMS UNDER CODE §§ 507(a)(2), (3), and (8)

Unless otherwise provided in the Plan or agreed, allowed Priority Claims under Code § 503(b) and each allowed Priority Claim under Code §§ 507(a)(2), (3) and (7) shall be treated in accordance with Code §1129(a)(9)(A) and (B) respectively. However, obligations incurred by the Debtor in Possession in the ordinary course of business will be paid in accordance with the agreement reached when those obligations were incurred.

Each allowed Priority Claim under Code § 507(a)(8) shall bear interest at the rate determined as of the calendar month in which the Confirmation Date occurs as required by Code § 511 and, except as otherwise provided in the Plan, shall be paid in an amount sufficient to pay it and accrued

5

interest over a time period not to exceed five (5) years after the Petition Date.

## CLASSIFICATION OF CLAIMS AND INTEREST

The Claims and interests are classified as follows:

Class 1:        All allowed Administrative Expenses

Class 2:        The Allowed Secured Claim held by Oklahoma County Treasurer

Class 3:        The Allowed Secured Claim held by First Enterprise Bank

Class 4:        The Allowed Secured Claim held by Kirkpatrick Bank

Class 5:        The Allowed Secured Claim held by OneWest Bank, FSB

Class 6:        The Allowed Secured Claim held by Seterus, Inc.

Class 7:        The Allowed Secured Claim held by Sooner State Bank

Class 8:        The Allowed Secured Claim held by Suntrust Mortgage, Inc.

Class 9:        The Allowed Secured and Unsecured Claim held by Federal National Mortgage Association

Class 10:       The Allowed Unsecured Claim held by Kirkpatrick Bank

Class 11:       The Allowed Unsecured Claim held by  Sooner State Bank

Class 12:       All Allowed General Unsecured Claims

Class 13:       The allowed interests of the Interest Holders.

Notwithstanding the classification set out above, each Secured Claim shall be considered as a separate class from all dissimilar Secured Claims for purposes of voting and distribution.

## CLASSES OF CLAIMS AND INTERESTS IMPAIRED

All Classes of Claims and interests are impaired under the Plan, except Class 1, which is unimpaired.

6

## TREATMENT OF CLASSES

### General Treatment Provisions

**Payments**. The payments under the Plan on each Class of Claims shall be made as provided under the Specific Treatment Provisions section of the Plan.

**Delivery of Distributions in General**. Distributions to each holder of an allowed Claim shall be made by mail as follows: (a) at the address set forth on the proof of Claim filed by the Claimant; (b) at the address set forth in any written notice of address change delivered to the Debtor in Possession after the date of any related proof of Claim; or (c) at the address reflected in the Schedules if no proof of Claim was filed and the Debtor in Possession has not received a written notice of a change of address. To the extent the Debtor in Possession has no current address for the holder of an allowed Claim, the Reorganized Debtor shall withhold the remittance of any distribution to such holder unless, and until, the Reorganized Debtor is notified in writing of such holder's then-current address.

**Taxes in Connection with Distributions**. In making cash distributions under the Plan, the Reorganized Debtor shall comply with all tax withholding and reporting requirements imposed on it by a governmental unit, and all distributions pursuant to the Plan shall be subject to all applicable withholding and reporting requirements. The Reorganized Debtor may withhold the entire cash distribution due to any holder of an allowed Claim until such time as the holder provides the Reorganized Debtor with the information necessary for it to comply with the applicable withholding and reporting requirements.

**Undeliverable Distributions**. If a distribution is remitted to the holder of any allowed Claim as provided in the Plan and is returned as undeliverable, no further distribution shall be made to such holder unless and until the Reorganized Debtor is notified in writing of the holder's

7

then-current address. Subject to the other provisions of the Plan, undeliverable distributions shall remain in the possession of the Reorganized Debtor pursuant to this paragraph until such time as a distribution becomes deliverable. All undeliverable cash distributions will be held in unsegregated, interest-bearing bank accounts for the benefit of the Claimants entitled to such distributions, and those Claimants will be entitled to any interest actually earned on account of the undeliverable distributions, provided the distributions are claimed timely.

**Unclaimed Undeliverable Distributions**. Any holder of an allowed Claim who does not assert a claim in writing for any undeliverable distribution within two years after such distribution was first made shall no longer have any claim to, or interest in, such undeliverable distribution, and shall be forever barred from receiving any distributions under the Plan, or from asserting a Claim against the Debtor, the Estate, the Reorganized Debtor, or their respective properties, and the Claim giving rise to the undeliverable distribution will be barred. Any undeliverable distributions on allowed Claims that are not claimed timely as provided herein will be retained by the Reorganized Debtor.

**No *De Minimis* Distributions**. Notwithstanding any earlier provision of this Plan, the Reorganized Debtor shall not make any cash payment of less than $5 to any Claimant. No consideration will be provided *in lieu* of the *de minimis* distributions this Section relieves the Reorganized Debtor from making.

**Interest**. Unless otherwise provided, the interest proposed on each Class of Claims shall:

be simple interest;

begin to accrue on the Effective Date and continue to accrue until all payments proposed have been made to the Class; and

8

be calculated on the basis of the actual number of days elapsed over a year of 365 days.

**Lien Retention**.  Each Claimant that holds a Secured Claim shall retain its liens, except as expressly provided otherwise under the Specific Treatment Provisions section of the Plan.

**Post-Confirmation Date Insurance**.  The Reorganized Debtor shall maintain in force at all times insurance of the types and in the amounts customary in light of the nature of the Debtor's business, including, but not limited to, all insurance required under the Pre-Petition loan documents between the Debtor and its Secured Creditors.  Each consensual Secured Creditor shall be named as an additional loss payee as its interests appear.

Should the Reorganized Debtor fail to maintain required insurance coverage on Collateral:  (a) the Secured Creditor whose Collateral has become uninsured may immediately force-place insurance on the Collateral; and (b) unless within thirty (30) days of the insurance's lapse the Reorganized Debtor obtains the required insurance, whether through reinstatement or otherwise, and reimburses the Secured Creditor for all costs and expenses, if any, it incurred as a result of the lapse and force-placement of insurance, the failure to maintain insurance shall constitute a default under the Plan as to the Secured Creditor whose Collateral insurance was not maintained by the Reorganization Debtor.

**Post-Confirmation Date Maintenance of Collateral**.  At a minimum, the Reorganized Debtor shall maintain the Collateral securing each Secured Claim in the condition the Collateral was in as of the Effective Date.  If the Debtor fails to maintain the Collateral securing a secured claim so as to cause a materially adverse affect as to the secured claim, then such failure shall be an Event of Default of the Plan as to the secured creditor's class, if such failure is not cured after written notice and opportunity to cure as provided herein.

**Post-Confirmation Date Taxes**.  The Reorganized Debtor shall timely pay all Post-Confirmation Date taxes that could, absent payment, become a lien against Collateral.

**Prepayment.**  The Reorganized Debtor may prepay any Class without penalty or premium.

**Disputed Claims**. A number of objections to Claims, motions to estimate contingent Claims, and motions for valuation of Collateral may be filed. A Claim as to which an objection, motion for estimation, or motion for valuation is pending is referred to in this Plan as a Disputed Claim. See the definition of Disputed Claim, *supra*, for additional Claims falling within that definition. No distribution shall be made under the Plan on a Disputed Claim, unless and until it becomes a Claim allowed by a final order that is no longer subject to appeal. Until that time, as to Claims falling within the definition of Disputed Claims because they are the subject of an unresolved objection, motion for estimation, or motion for valuation, the Reorganized Debtor shall hold, at interest, the payments to which the holder of such a Disputed Claim would have been entitled under the Plan if the Disputed Claim were an allowed Claim in the lesser of: (a) the maximum amount asserted in the Case by the Claimant; or (b) should the Reorganized Debtor move for a Court order estimating the Disputed Claim, the estimated amount thereof as determined by the Court, which shall constitute the maximum recovery that the holder thereof may recover under the Plan. Disbursement of the payments so held and the accrued interest thereon shall be made as quickly as is practicable after the Disputed Claim becomes a Claim allowed by a final order that is no longer subject to appeal.

**Default**.  If the Reorganized Debtor fails to comply with any provision of the Plan, the Reorganized Debtor shall be in default as to the Claimant whose specific treatment has been defaulted, and such Claimant may immediately pursue its rights and remedies under the Plan and

applicable state law.  Time is strictly of the essence under the Plan.

## Specific Treatment Provisions

**Class 1 (Administrative Claims)**: Each holder of an Administrative Claim will be paid in full on the Effective Date of the Plan unless otherwise agreed to in writing by the holder of such claim.

**Class 2 (allowed Secured Claim held by Oklahoma County Treasurer)**: It is anticipated by the Debtor that all real estate taxes will be paid current prior to hearing on confirmation and this claim will be zero. However, if not fully paid then the Claim in this Class shall bear interest at the rate determined as of the calendar month in which the Confirmation Date occurs, as required by Code § 511, and shall be paid within 12 months after the Effective Date.  Should the Collateral securing the Claim in this Class be sold, the holder of the Claim in this Class shall be paid in full at the closing of the sale, including accrued interest computed as the rate specified above or the holder will retain all rights as against the property serving such portion of the Claim.

The foregoing shall constitute full satisfaction of the Claim in this Class.

**Class 3 (allowed Secured Claim held by First Enterprise Bank)**:

The First Enterprise Bank loan to the Debtor (and affiliates) is secured by real and personal property of the Debtor and non-debtors. The Secured Claim in this Class is the amount of indebtedness secured by Property of the Estate pursuant to 11 U.S.C.§506(b), in the amount of $395,000 as set forth in Proof of Claim No. 23. The claim is *in rem* against Property of the Estate.

The existing loan documents, mortgages, liens and security interests securing Class 5 shall  remain in place and all liens retained. The amount of Class 3 will be paid according to the terms set forth in its existing loan documents. Monthly P&I payments from the Debtor on Class 3 claim are approximately $2,201, plus tax escrow of $550 and direct insurance payments of $450.

11

The remaining non-debtors and approximately 24 non-debtor properties securing the FEB Loan will also continue to pay according to the loan terms on the approximate total principal balance of $1,311,174, with total monthly payments of approximately $8,899.

The foregoing shall constitute full satisfaction of the Claim in this Class.

### Class 4 (allowed Secured Claim held by Kirkpatrick Bank):

The Kirkpatrick Bank loan to the Debtor and non-debtor affiliates is secured by real and personal property of the Debtor and non-debtors. The secured claim in this Class 4 is the amount of indebtedness secured by Property of the Estate pursuant to 11 U.S.C. §506(b), as set forth in Proof of Claim No. 22 to be approximately $449, 000.  The remaining indebtedness to Kirkpatrick Bank is treated as an unsecured claim of this Debtor under Class 10, although such indebtedness is fully secured by collateral of non-debtors and will be repaid from rents of such other collateral.

The existing loan documents, mortgages, liens and security interests securing Class 4 shall  remain in place and all liens retained. The amount of Class 4 will be paid according to the terms  set forth in its existing loan documents. Monthly payment from Property of the Estate on Class 4 is approximately $3,193 including tax escrow.

The foregoing shall constitute full satisfaction of the Claim in this Class.

### Class 5 (allowed Secured Claim held by OneWest Bank, FSB):

The Allowed Claim of OneWest Bank, FSB as to each separate property will remain secured by the respective existing loan documents, mortgages, liens and security interest for each Property. These claims are *in rem* only against Property of the Estate. The existing loan documents will be modified to provide for repayment of the Allowed Claim as to each separate property in equal monthly installments of principal and interest calculated at 5% interest per annum on a 365/365 basis over an amortization period of 30 years. Specifically, each property's respective loan

12

documents will be modified as follows: (i) Interest rate as of Petition Date changed to five percent (5%) per annum on 365/365 basis; (ii) Pay down of post petition net income by property on Effective Date; (iii) Repayment of the Allowed Claim (less any paydown) as of the Effective Date, with regard to each separate property, in equal monthly installments of principal and interest calculated at 5% interest per annum on a 365/365 basis over an amortization period of 30 years; (iv) Payments will be due on the fifteenth of each month starting on the first calendar month following the Effective Date; and (v) The maturity date shall be the tenth anniversary of the Effective Date.

The "New Principal Debt" of each respective loan shall be determined as of the Effective Date to be the sum of the Allowed Secured Claim, plus post-petition interest at the rate of five percent (5%) per annum from and after the Petition Date, less any post-petition payments by the Debtor. The table below shows the proof of claim amount, estimated New Principal Debt and payment for each OneWest FSB modified loan and property:

| Doc # | Property Address | POC Amount | Estimated New Principal Debt[1] | Estimated P&I Monthly Payment |
|---|---|---|---|---|
| 25 | 709 Red Oak Terr. | $ 97,465.33 | $ 102,547.68 | $ 550.50 |
| 26 | 8301 Willow Creek | $ 115,327.19 | $ 121,650.23 | $ 653.04 |
| 30 | 6308 S. Broadway | $ 86,280.82 | $ 91,079.38 | $ 488.93 |

Monthly payments for the total Class 8 claim are approximately $1,692.

The foregoing shall constitute full satisfaction of the Claim in this Class.

**Class 6 (allowed Secured Claim held by Seterus, Inc)**:

The Allowed Claim of Seterus, Inc. will remain secured by the existing loan

---

[1]Subject to post petition payments of adequate protection and net income payments on the Effective Date

13

documents, mortgages, liens and security interest. This claim is *in rem* only against Property of the Estate. The existing loan documents will be modified to provide for repayment of the Allowed Claim in Class 6 in equal monthly installments of principal and interest calculated at 5% interest per annum on a 365/365 basis over an amortization period of 30 years. Specifically, the loan documents will be modified as follows: (i) Interest rate as of Petition Date changed to five percent (5%) per annum on a 365/365 basis; (ii) Pay down of post petition net income by property on Effective Date; (iii) Repayment of the Allowed Claim (less any paydown) as of the Effective Date in equal monthly installments of principal and interest calculated at 5% interest per annum on a 365/365 basis over an amortization period of 30 years; (iv) Payments will be due on the fifteenth of each month starting on the first calendar month following the Effective Date; and (v) The maturity date shall be the tenth anniversary of the Effective Date.

The "New Principal Debt" of the loan shall be determined as of the Effective Date to be the sum of the Allowed Secured Claim, plus post-petition interest at the rate of five percent (5%) per annum from and after the Petition Date, less any post-petition payments by the Debtor. The proof of claim of Seterus, Inc. [POC # 28] asserted an outstanding balance of $72,918.15. Based on the POC claim amount and post-petition interest through February 28, 2013, the New Principal Debt is estimated at $76,784, subject to reduction for post petition and net income payments. Based on this estimated New Principal Debt, monthly payments for the Class 6 claim are approximately $412, plus tax escrow of approximately $116.

The foregoing shall constitute full satisfaction of the Claim in this Class.

### Class 7 (allowed Secured Claim held by Sooner State Bank):

The Allowed Claim of Sooner State Bank will remain secured by the existing loan documents, mortgages, liens and security interest. Repayment of the Allowed Secured Claim of

14

Class 8 estimated to be $121,926 will in equal monthly installments of principal and interest according to the current loan terms at 5.75% interest per annum with an amortization period of 15 years. Monthly payments for the property of the estate in Class 7 claim are approximately $295.

The remaining indebtedness to Sooner State Bank is treated as an Allowed Unsecured Claim under Class 11, although such indebtedness is also secured by collateral of non-debtors and will be repaid from rents of such other collateral. The total principal debt owed to Sooner State Bank is approximately $213,000, with a total monthly payment of approximately $1,800.

The foregoing shall constitute full satisfaction of the Claim in this Class.

**Class 8 (allowed Secured Claim held by Suntrust Mortgage, Inc.)**:

The Allowed Claim of Suntrust Mortgage, Inc. as to each separate property will remain secured by the respective existing loan documents, mortgages, liens and security interest for each property. These claims are *in rem* only against Property of the Estate. The existing loan documents will be modified to provide for repayment of the Allowed Claim of Class 8 as to each separate loan and property in equal monthly installments of principal and interest calculated at 5% interest per annum on a 365/365 basis over an amortization period of 30 years. Specifically, each property's respective loan documents will be modified as follows: (i) Interest rate as of Petition Date changed to five percent (5%) per annum on a 365/365 basis; (ii) Pay down of post petition net income by property on Effective Date; (iii) Repayment of the Allowed Claim (less any paydown) as of the Effective Date, with regard to each separate property, in equal monthly installments of principal and interest calculated at 5% interest per annum over a 365/365 basis with an amortization period of 30 years; (iv) Payments will be due on the fifteenth of each month starting on the first calendar month following the Effective Date; and (v) The maturity date shall be the tenth anniversary of the Effective Date.

The "New Principal Debt" of each respective property shall be determined as of the Effective Date to be the sum of the Allowed Secured Claim, plus post-petition interest at the rate of five percent (5%) per annum from and after the Petition Date, less any post-petition payments by the Debtor. Monthly payments for the total Class 8 claim are approximately $1,920. The table below shows the Proof of Claim, an estimated New Principal Debt and payment for each SunTrust property:

| Doc # | Property Address | POC Amount | Estimated New Principal Debt[2] | Estimated P&I Monthly Payment |
|---|---|---|---|---|
| 17 | 2501 Kathy CT | $ 86,521.87 | $ 90,999.98 | $ 488.51 |
| 18 | 7713 Embassy Terr. | $ 73,292.77 | $ 77,171.18 | $ 414.27 |
| 19 | 1816 Zion Pl. | $ 96,023.01 | $ 101,083.27 | $ 542.64 |
| 29 | 12713 Meadows | $ 84,112.44 | $ 88,501.00 | $ 475.09 |

The foregoing shall constitute full satisfaction of the Claim in this Class.

**Class 9 (Allowed Secured Claim and Unsecured Claim held by Federal National Mortgage Association, as assignee of Suntrust Mortgage, Inc.)**:

The Allowed Claim of Federal National Mortgage Association will remain secured by the existing loan documents, mortgages, liens and security interest. This claim is *in rem* only against Property of the Estate. The existing loan documents will be modified to provide for repayment of the Secured Claim of Class 9 in equal monthly installments of principal and interest calculated at 5% interest per annum on a 365/365 basis with an amortization period of 30 years. The Unsecured Claim will be paid in equal monthly installments of principal and interest at the rate allowed on judgments entered in federal courts under 28 U.S.C. §1961, as of the Effective Date on

---

[2]Subject to post petition payments of adequate protection and net income payments on the Effective Date.

a 365/365 basis with an amortization period of 30 years.

Specifically, the loan documents will be modified as follows: (i) Interest rate as of Petition Date changed to five percent (5%) per annum on a 365/365 basis; (ii) Pay down of post petition net income by property on Effective Date; (iii) Repayment of the Allowed Secured Claim (less any paydown) as of the Effective Date in equal monthly installments of principal and interest calculated at 5% interest per annum on a 365/365 basis with an amortization period of 30 years; (iv) Repayment of allowed Unsecured Claim as of Effective Date in equal monthly installments of principal and interest calculated at rate allowed on judgments entered in federal courts under 28 U.S.C. §1961, on a 365/365 basis with an amortization period of 30 years; (v) Payments will be due on the fifteenth of each month starting on the first calendar month following the Effective Date; and (vi) The maturity date shall be the tenth anniversary of the Effective Date.

The proof of claim of Federal National Mortgage Association [POC # 16 - 2625 N.W. 25th] asserted an outstanding balance of $114,653.29. Class 9 is estimated to be allowed as a Secured Claim in the amount of $85,000 based on the lender's April 2013 appraisal, and an Unsecured Claim in the amount of approximately $29,653. The estimated monthly payments for the total Class 9 claim are approximately $559.11, consisting of $456.30 on the Secured Claim and $102.81 on the Unsecured Claim.

The foregoing shall constitute full satisfaction of the Claim in this Class.

**Class 10 (allowed Unsecured Claim held by Kirkpatrick Bank):**

The Allowed Unsecured Claim of Kirkpatrick Bank under Class 10 is to remain secured the existing loan documents, mortgages, liens and security interests on non-debtors' collateral which shall remain in place and all liens retained. The non-debtor collateral securing the Class 10 consists of 110 properties with an assessed value of approximately $6.5 Million. The

17

amount of Class 10 is estimated to be $5,115,000 and will be paid according to the terms set forth in its existing loan documents. The total monthly payment for Class 4 and Class 10 is approximately $36,500.

The foregoing shall constitute full satisfaction of the Claim in this Class.

**Class 11 (allowed Unsecured Claim held by Sooner State Bank)**:

The Allowed Unsecured Claim of Sooner State Bank in Class 11 shall remain secured by the existing loan documents, mortgages, liens and security interest on 4 non-debtor collateral which shall remain in place and all liens retained. Class 11 is to be repaid from rents on such non-debtor properties in equal monthly installments of principal and interest according to the terms set forth in the existing loan documents. The claim is estimated to be approximately $130,097. The total monthly payments on Class 7 and Class 11 is approximately $1,800.

The foregoing shall constitute full satisfaction of the Claim in this Class.

**Class 12 (Allowed General Unsecured Claims)**:

Allowed general unsecured claims against the Debtor are impaired and will be Paid in full in sixty (60) equal monthly installments with interest at the rate allowed on judgments entered in the federal courts under 28 U.S.C. §1961, or a shorter period. Payments shall commence 20 days after the Effective Date, or if such claim is a Disputed Claim, within 20 days of a Final Order allowing such claim.

**Class 13 (Interest Holders)**: The Pre-Petition equity security interests of the Interest Holder shall be retained subject to the terms of the Plan. The Reorganized Debtor shall not make any distributions to the Interest Holder, except for payment as compensation, as such until all Claims have been paid in full, including all accrued and accruing interest, costs, fees, and expenses recoverable under the terms of the Plan. When all Claims have been paid in full, including all

18

accrued and accruing interest, costs, fees, and expenses recoverable under the terms of the Plan, the Reorganized Debtor may make distributions to the Interest Holder as permitted under applicable state law.

The foregoing shall constitute full satisfaction of the interest in this Class.

## MEANS FOR PERFORMING THE PLAN
## AND MANAGEMENT OF THE REORGANIZED DEBTOR

All Property of the Estate, including all avoidance and other bankruptcy and non-bankruptcy causes of action, claims and interests, is hereby expressly preserved and shall vest in the Reorganized Debtor on the Effective Date free and clear of all Claims, Disputed Claims, liens, encumbrances, and interests, except as otherwise provided in the Plan.

By confirmation of the Plan, the Reorganized Debtor shall be deemed to have been appointed as the representative of the Estate for purposes of enforcing the causes of action, claims, and interests vesting in the Reorganized Debtor, as well as pursuing objections to Claims, motions to estimate contingent Claims, and motions for valuation of Collateral, although other parties in interest shall also have standing to pursue objections to Claims, motions to estimate contingent Claims, and motions for valuation of Collateral.

The Reorganized Debtor shall continue in the same business as the Debtor in Possession.
Revenue from the Reorganized Debtor's post-Confirmation Date business operations shall be used to fund payment of expenses and other costs of the Reorganized Debtor's operations, and to fund payments required under the Plan.

The Reorganized Debtor shall distribute the proceeds from the liquidation of the Collateral, net of actual, reasonable costs of liquidation, in payment of Claims as set out under the

19

Specific Treatment Provisions section of the Plan. Unencumbered property of the Reorganized Debtor, if any, shall be used to pay: (a) any obligations after the Effective Date imposed on the Reorganized Debtor; (b) pay essential costs and expenses of carrying out its obligations under the Plan; and (c) pay Priority Claims.

As required by the Code, the Debtor's Articles of Organization and operating agreement shall be amended to include a provision prohibiting the issuance of nonvoting equity securities.

## CONTEMPLATED COMPENSATION FOR SERVICES, COSTS, AND EXPENSES

No compensation has been paid or promised by the Debtor in Possession, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Case, or in connection with the Plan and incident to the Case, except the following:

Southern Oaks of Oklahoma, LLC promised to pay Ruston C. Welch, of the Welch Law Firm, P.C., attorney for the Debtor in Possession, fees at his customary hourly rates and to reimburse Ruston C. Welch, for his expenses, subject to Court approval after proper application, notice, and hearing.

Houses For Rent of Oklahoma City, LLC will continue to manage the non-apartment properties of the Reorganized Debtor pursuant to the Management Agreement entered Pre-Petition which is assumed by this Plan and will receive the same compensation as provided therein.

The principals of the Reorganized Debtor will continue to manage the apartment properties in consideration of 6% of collected revenue.

20

The Reorganized Debtor shall be responsible for the timely payment of disbursement fees incurred pursuant to 28 U.S.C. § 1930(a)(6). After the Confirmation Date, the Reorganized Debtor shall file with the Court and serve on the United States Trustee a quarterly financial report for each month or portion thereof while the Case remains open. The quarterly financial reports shall be in a format prescribed by the United States Trustee.

Any payment made by the Debtor in Possession, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Case, or in connection with the Plan and incident to the Case, has been approved by, or shall be subject to the approval of, the Court as reasonable. Costs and expenses incurred after the Confirmation Date shall not be considered as costs and expenses in, or in connection with, the Case, or in connection with the Plan and incident to the Case, and therefore shall not require Court approval.

A Professional Fee Claim by one of the Debtors professionals will be allowed only if:

(a)        On or before sixty (60) days after the Effective Date, the entity holding such Professional Fee Claim both files with the Court and appropriately serves a final fee application or a motion requesting allowance of the fees; and

(b)    The Court allows the Claim by a final order.

The Reorganized Debtor or any other party in interest may file an objection to such an application or motion within twenty-one (21) days of its filing.

**Any party holding a Professional Fee Claim that does not timely file and serve a fee application or motion for payment thereof will be forever barred from asserting such Claim against the Debtor, the Estate, the Reorganized Debtor, and their respective properties.**

21

The Reorganized Debtor will pay or cause to be paid an allowed Professional Fee Claim, in cash, within ten days after the date on which the Court allows it by a final order.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Management Agreement with Houses For Rents of OKC, and all tenant leases, including lease to purchase options, are assumed pursuant to Code § 1123(b)(2) as of the Effective Date. All other executory contracts and unexpired leases not previously rejected are rejected as of the Effective Date.

## RETENTION OF JURISDICTION

The Court shall retain jurisdiction for the purposes set forth in Code § §1127(b) and 1142. The Court shall also retain jurisdiction to:

hear and determine any matter or proceeding concerning Claims or interests, including, but not limited to, matters or proceedings to allow or disallow Claims or interests;

determine and enter orders concerning payment of administrative expenses and other Priority Claims;

enforce and interpret the Plan and the order confirming it, regardless when any controversy about the Plan or order confirming it might arise; should a controversy about the enforcement or interpretation of the Plan or the order confirming it arise after the Case is closed, any Party in Interest may seek to have the Case reopened to obtain enforcement or an interpretation of the Plan or the order confirming it;

correct any defect, cure any omission, or reconcile any inconsistencies in the Plan or order confirming it as might be necessary or helpful to effect the purpose and intent of the Plan and the order confirming it;

enter any orders, including injunctions, necessary to enforce the Plan and the order confirming it and to impose such limitations, restrictions, terms, and conditions on Parties in Interest as the Court may deem necessary; and

22

hear and determine all questions or disputes about title to the Reorganized Debtor's assets and all causes of action, claims, disputes, or conflicts, regardless whether pending on the Confirmation Date, including, but not limited to, the bankruptcy and non-bankruptcy causes of action, claims, and interests vesting in the Reorganized Debtor.

## MODIFICATION OF THE PLAN

The Plan may be modified pre- and post-confirmation as provided in Code § 1127.

## DISCHARGE

On the Effective Date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Rules, or (iii) of a kind specified in § 1141(d)(6)(B). After the Effective Date of the Plan your claims against the Debtor will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

## MISCELLANEOUS

**Headings**.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the text.

**Notices**.  All notices required or permitted to be made under the Plan shall be in writing and shall be delivered either personally, by email, by facsimile, or by first class mail:

If to Southern Oaks of Oklahoma, LLC
c/o Ruston C. Welch
WELCH LAW FIRM, P.C.
4101 Perimeter Center Drive, Suite 360
Oklahoma City, Oklahoma 73112-2309
Telephone: (405) 236-5222
Facsimile:  (405) 231-5222

23

Email: rwelch@welchlawpc.com

If to a Claimant or Interest Holder, at the address used in its proof of claim or proof of interest or, if it did not file one, at the address listed in the Schedules.  If the Claimant or Interest Holder filed an entry of appearance and request for notices, notices shall be delivered to the address used in the entry of appearance and request for notices instead of the address listed in the Schedules. Except as may be otherwise provided in the Plan, notice shall be deemed given when hand-delivered, transmitted, or placed in the United States Mail, postage prepaid.

**Setoff, Recoupment and Other Rights**.  Except as otherwise provided in the Plan, the Reorganized Debtor may, but shall not be required to, setoff, recoup, assert counterclaims or withhold against the distributions to be made pursuant to this Plan on account of any allowed Claim, any claims that the Debtor, the Estate, or Reorganized Debtor may have against the entity holding the allowed Claim; provided, however, that none of the failure to effect such a setoff or recoupment, the failure to assert counterclaims or withhold distributions, or the allowance of any Claim against the Debtor, the Estate or Reorganized Debtor, or any partial or full payment during the Case or after the Effective Date in respect of any allowed Claim, shall constitute a waiver or release by the Debtor, the Estate or Reorganized Debtor of any claim that any of them may possess against such holder.

**Special Tax Provisions**.  In accordance with Code § 1146(a), neither the issuance, transfer or exchange of a security, nor the delivery of an instrument or transfer under the Plan, shall be taxed under any law imposing a stamp or similar tax.

**Cram Down**.  If one or more impaired Classes votes to reject the Plan, the Debtor intends to request that the Court confirm the Plan in accordance with Code § 1129(b). Should the

Court determine that the Plan as proposed is not subject to confirmation by cram down under Code §1129(b), the Debtor reserves the right to modify the Plan.

**No Admission Against Interest**.  Until the Effective Date, neither the filing of this Plan, any statement made or provision contained in it, nor any action taken by any Claimant or Interest Holder with respect to this Plan shall be or shall be construed to be: an admission against interest; a waiver of any rights that any Claimant or Interest Holder may have against the Debtor or any of its properties; or a waiver of any rights that any Claimant or Interest Holder may have against any other Claimant or Interest Holder. Until the Effective Date, all such rights are specifically reserved. Likewise, the Debtor's categorization and proposed treatment of Claims and interests shall not constitute an admission concerning the validity, extent, enforceability, or priority of any Claim or interest. In the event that the Plan is not confirmed, neither the Plan nor any statement made in it may be used or relied upon in any manner or for any purpose in any suit, action, proceeding, or controversy in or outside of the Case.

**Number and Gender**.  Unless the context requires otherwise, the neuter shall include the male and female, the singular shall include the plural, the conjunctive shall include the disjunctive, and vice versa.

Dated: May 15, 2013          SOUTHERN OAKS OF OKLAHOMA, LLC


                                    By:  __/s/ Steve Murry_____
                                              Steve Murry, Manager

_/s/ RUSTON C. WELCH_____
Ruston C. Welch, OBA# 13796
Welch Law Firm, P.C.
4101 Perimeter Center Drive, Suite 360
Oklahoma City, Oklahoma 73112-2309
Telephone: (405) 236-5222
Facsimile:  (405) 231-5222
rwelch@welchlawpc.com
*ATTORNEY FOR SOUTHERN OAKS OF OKLAHOMA, LLC,*
*DEBTOR IN POSSESSION*

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2013, I electronically transmitted the above pleading to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the ECF registrants entitled to Notice.

/s/ RUSTON C. WELCH